# Henry W. Williams, Appellee, v. W. W. Hixson, Appellant.

## Gen. No. 5,468.

INSURANCE—*when insured liable for premiums.* Acceptance and holding of policies by a trustee and agent of the insured is binding upon him so as to render him liable for premiums.

Assumpsit. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

F. E. CARPENTER and E. M. ST. JOHN, for appellant.

E. P. LATHROP and ROBERT LATHROP, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee, an insurance agent, sued appellant for the premiums upon various policies of insurance written by him as agent for various insurance companies upon certain machinery and lithographing appliances, located in the city of Rockford. Appellee filed the common counts and appellant the general issue and the cause was tried by the court without a jury, and there was a finding and a judgment in favor of appellee for $847.41 from which judgment defendant below appeals.

The proof shows that on August 3, 1906, appellant entered into a contract with the Hixson Map & Lithographing Company, hereinafter called the lithographing company, which recited that the lithographing company was indebted approximately $15,000 as indicated by a schedule attached to the contract, and that the lithographing company agreed to sell its plant to appellant in consideration that appellant would pay its debts; that the Rockford National Bank should act as

trustee and appellant should pay it not less than a certain specified sum per month until the indebtedness was all paid; and that appellant should keep the property well insured in reputable insurance companies for the benefit of the lithographing company.   The proof shows without dispute that at the time this contract was made the insurance policies on the property had been written by appellee.   Appellant had been a stockholder and officer in the lithographing company, and he had induced appellee to buy a certain amount of the capital stock of the lithographing company upon the promise that appellee should have the insurance on the plant, which appellee  had accordingly  written and which was in force on August 3, 1906.   The proof is clear that that insurance expired on November 10, 1906; that appellee thereupon wrote insurance in favor of appellant for $15,000 upon said property and delivered the policies to the trustee, the Rockford National Bank; that during the next year appellant directed that the insurance be reduced to $10,000 and that appellee so reduced it.   On December 30, 1909, appellee started this suit to recover said premiums, and the summons was served on appellant the next day and on that day, December 31, 1909, appellant procured other policies of insurance and delivered them to the Rockford National Bank, which till that date had had no other policies of insurance to answer appellant's contract with the lithographing company to keep the property well insured, except the policies furnished by appellee; and the proof shows that the sum here recovered was the reasonable and customary charge for such insurance for that time.

Appellee testified that he wrote this insurance by direction of appellant.  Appellant denied that he directed that these policies be written, and testified that he refused to permit appellant to carry the insurance on this property because he considered the rate too high.   Several matters tended to throw doubt upon the

testimony of appellant.  He was under contract to keep this property well insured for the benefit of the lithographing company.  These policies were the only ones which the trustee held from November 10, 1906, to December 31, 1909.  Appellant testified that he obtained policies on this property, covering the latter part of that period, through a relative who lived at a cross roads out in the country fourteen or fifteen miles west of Kankakee who sold farm machinery and whose whereabouts at the time of the trial he did not know. Appellant could not give the name of any company in which he was so insured, nor the amount of any such policy, nor could he produce any such policy, which he explained by testifying that as fast as the policies expired he burned them.  Kankakee was a great distance from Rockford.  It was not shown that appellant's relative had ever seen the property.  It did not appear that appellant had made any effort to procure the attendance of said relative as a witness.  No reason was shown why appellant did not deliver the alleged policies to the trustee.  His conduct on  December 31, 1909, shows that he knew that the trustee should hold them. It is not easy to believe that responsible insurance companies would write policies at the instance of a cross roads agent so far distant from the property, nor that appellant would  destroy the policies  immediately. Again, during the life of the policies written by appellee appellant wrote to several of the companies to ascertain whether appellee had duly paid the premiums to such company, and he testified that in such letters he repudiated the policies.  One of those letters was presented to him on the witness stand and he identified his signature thereto, and said letter did not contain any repudiation of the policy.  These and other circumstances tended to destroy confidence in his testimony.

It is contended that no contract between appellee and appellant was made, because their conversation as

testified to by appellee did not specify the rate nor the amount of the several policies, nor in what companies they should be written. When appellee was told by appellant to take care of the insurance on this property, it was already covered by policies written by appellee by arrangement with appellant as an officer of the lithographing company, and it may well be presumed that it was the intention of the parties that a like amount should be written in the same or like companies to be selected by appellee and at the same rate. The policies were delivered to the Rockford National Bank. They showed on their face every detail, including the names of the companies, the amounts insured, the term of the insurance and the rate. The Bank was the trustee and agent of appellant as well as of the lithographing company. Its acceptance and holding of these policies was just as binding on appellant as if he himself had received and held them. He could not have received and held these policies and been protected by them from November 10, 1906, to December 31, 1909, and then have escaped liability to pay premiums for that insurance. Their possession by his trustee and agent was equally binding upon him.

The judgment is affirmed.

*Affirmed.*